1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PIERRE L. HOFFMAN,                          No.  2:14-cv-1009 DAD P

12                        Plaintiff,

13            v.                                  ORDER

14   TRUONG QUACH, et al.,

15                        Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

                                                    1

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

2  1915(b)(2).

3      On March 2, 2015, plaintiff filed a notice with the court in which he states that he is "in

4  dire need to file an amended complaint . . . ."  (ECF No. 7 at 1.)  Under Federal Rule of Civil

5  Procedure 15(a)(1):

6      A party may amend its pleading once as a matter of course within:

7      (A) 21 days after serving it, or

8      (B) if the pleading is one to which a responsive pleading is
      required, 21 days after service of a responsive pleading or 21 days
9      after service of a motion under Rule 12(b), (e), or (f), whichever is
      earlier.
10

11  Because plaintiff has not previously filed an amended complaint herein, his initial complaint has

12  not yet been served on defendants, and consequently, no responsive pleading or motion has been

13  filed by defendants, plaintiff is free to file an amended complaint with the court.

14      In any amended complaint he elects to file, plaintiff must allege facts demonstrating how

15  the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.

16  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, any amended complaint must allege in

17  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

18  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

19  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

20  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

21  conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

22  Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

24  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

25  complaint be complete in itself without reference to any prior pleading.  This is because, as a

26  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

27  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

28  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

2

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff is granted thirty days from the date of service of this order to either (i) file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice, or (ii) notify the court that he wishes to proceed on his initial complaint. Any amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint. Failure to file either an amended complaint or a notice of intent to proceed on the original complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 26, 2015

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
hoff1009.14.new

3