UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE L. HOFFMAN,<br><br>             Plaintiff,<br><br>       v.<br><br>TRUONG QUACH, et al.,<br><br>             Defendants. | No.  2:14-cv-1009 DAD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On June 23, 2015, the court ordered service of plaintiff's complaint on defendants Harper, Jennings, Jolley, Mallory, and Quach.  (ECF No. 15.)  On October 5, 2015, defendants Harper, Jennings, and Mallory filed an answer in which they included a demand for a jury trial.  (ECF No. 17.)  On October 14, 2015, the court issued a discovery and scheduling order, setting a deadline of February 26, 2016 for completing discovery (including the filing of any motions to compel discovery responses) and May 27, 2016 for all other pretrial motions.  (ECF No. 18.)  On October 16, 2015, plaintiff filed a document entitled "Plaintiff's Opposition to Respondent['s] Demand for Jury Trial Without Applying The Legal Standards of the Federal Court."  (ECF No. 19.)  This document reiterates many of the allegations in plaintiff's complaint, apparently in an attempt to rebut denials made, and affirmative defenses raised, by defendants Harper, Jennings, and Mallory in their answer.  Plaintiff concludes this

1

document by writing: "Therefore, plaintiff's request from this court to deny defendants motion to proceed with a jury trial without facing the Federal Court's rules of Summary Judgment, Interrogatories, Discoveries & Product of Documents, etc…" (sic)  (Id. at 3.)

Plaintiff has apparently misconstrued defendants Harper, Jennings, and Mallory's answer. An answer serves to put plaintiff and the court on notice as to the defendants' response to his complaint. See Fed. R. Civ. P. 8(b)(1) ("In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party.")  The answer is not a motion that requires an opposition from defendant.  As set forth in the court's October 14, 2015 discovery and scheduling order, both plaintiff and defendants may now conduct discovery and bring motions to compel discovery responses until February 26, 2016, and may bring other pre-trial motions (including motions for summary judgment) until May 27, 2016.  No jury trial will be held in the matter until after those deadlines have passed and any outstanding motions have been decided by the court.

Plaintiff has also requested appointment of counsel.  (ECF No. 20.)  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

/////

/////

2

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's March 30, 2015 motion for the
2  appointment of counsel (ECF No. 20) is denied.
3  Dated: October 30, 2015

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
hoff1009.31+

3